No. 54,830

STATE OF KANSAS, *Appellant,* v. JERRY B. HUNTER, *Appellee.*

(658 P.2d 1050)

Opinion filed February 19, 1983.

*Jerry L. Harper,* district attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for appellee.

*Michael E. Riling,* of Riling, Norwood, Burkhead & Fairchild, Chartered, of Lawrence, argued the cause, and *Wesley M. Norwood,* of the same firm, was with him on the brief for appellant.

The opinion of the court was delivered by

MILLER, J.: This is an appeal by the prosecution from an order of the court made at the close of a preliminary examination, dismissing the complaint and discharging the defendant.

The defendant, Jerry B. Hunter, was charged with aggravated assault on a law enforcement officer, K.S.A. 21-3411. The State's evidence was that Officer Charles Johnson, of the Lawrence, Kansas, police department, while dressed in full uniform, answered a domestic disturbance call in that city. He parked his patrol car near the house, walked to the front door and knocked. Omitting obscenities, the following conversation ensued:

Male voice from inside house: Who is it?

Officer: Police officer.

Male voice: I'll have to shoot you through the door.

Male voice: Who is it?

Officer: Police officer.

This was followed by sounds inside the house which the officer associated with someone injecting a shell in a shotgun or rifle. Officer Johnson moved from the porch, stood behind a nearby wall and drew his firearm. The door opened; the defendant, shotgun in hand, came out pointing the firearm in the general direction of the officer. The officer was frightened but he persuaded the defendant to put the shotgun down, and no shots were exchanged. Hunter was arrested; the shotgun was found to be unloaded, and no shotgun shells were found.

The trial judge stated, in substance, that he did not think that the State could convince a jury of defendant's guilt beyond a reasonable doubt, and he discharged the defendant and dismissed the case.

The reasonable doubt test has no place in a preliminary examination. As we have said many times, a magistrate conducting a preliminary examination serves a limited function: to determine whether it appears that a felony has been committed, and whether there is probable cause to believe that the accused committed it. It is an inquiry as to whether the defendant should be held for trial. A thorough discussion of the matter, with reference to many earlier cases, is contained in our recent case of *State v. Ramsey*, 228 Kan. 127, 131-32, 612 P.2d 603 (1980).

The trial court erred in applying an inappropriate test and in discharging the defendant. The evidence was amply sufficient to support a probable cause finding and to order the defendant bound over for trial. The discharge by the magistrate, at the preliminary hearing stage of this matter, is not a bar to further prosecution. *State v. Bloomer*, 197 Kan. 668, 421 P.2d 58 (1966), *cert. denied* 387 U.S. 911 (1967).

We treat the order as one dismissing the complaint, K.S.A. 22-3602(*b*)(1). The judgment of the district court is reversed and the case is remanded with directions to reinstate the complaint and for further proceedings in conformity with this opinion.