No. 54,970

STATE OF KANSAS, *Appellant,* v. LESTER DWAYNE JONES, *Appellee.*

(660 P.2d 965)

Opinion filed March 26, 1983.

*Geary N. Gorup,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, *Clark V. Owens,* district attorney, and *James D. Hall,* assistant district attorney, were with him on the brief for the appellant.

*Vern Miller,* of Miller, Connolly & Gribble, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

LOCKETT, J.: This is an appeal by the prosecution from an order of the court dismissing the complaint and discharging the defendant at the close of the preliminary hearing. The defendant, Lester Dwayne Jones, was charged with two counts of aggravated battery in violation of K.S.A. 21-3414. Both the prosecution and the defendant called witnesses and introduced evidence at the preliminary hearing.

The facts were as follows: On the evening of June 29, 1982, and the early morning of June 30, 1982, defendant and two friends arrived at the Foundry 21, a private club located in Wichita, Sedgwick County, Kansas. Between 2:00 and 2:30 the morning of June 30, 1982, an argument developed at the Foundry 21 between several customers of the club. The argu-

ment inside the club calmed down, but soon moved to the parking lot.

The victim in this case, Robert M. Davis, testified he observed the disturbance in the club and proceeded to follow the argument into the parking lot. Davis had no involvement with the defendant at this point but felt compelled to follow the argument into the parking lot to look after a business interest his family held in the Foundry 21 club.

It is at this point that the testimony of the defendant's and the prosecution's witnesses differ, causing much confusion in determining what actually happened. Prosecution's witnesses testified that the defendant was the aggressor—picking up a large tow chain and swinging it around, yelling at everyone to leave. Davis started to turn away, the defendant advanced and struck Davis across the arm, shoulder, and on the head with the chain. A second individual, Bosch, advanced to see if the fallen Davis was a friend and was struck by the swinging chain.

Defendant's witnesses testified to a much different story. They testified that the crowd outside the club was angry and armed with various weapons causing the defendant to use the chain as a defense to ward off the crowd. Davis was in front of the crowd shouting threats at the defendant and his friends.

It was from these varied versions of what happened in the parking lot that the trial judge at the conclusion of the evidence determined that a crime had not been committed, and that the defendant should be discharged and the case dismissed. The court stated:

"This is a very close case in the Court's opinion. Normally the duty at preliminary hearing is to hear the evidence and if it shows that a crime has been committed and that there is probable cause to believe the defendant committed the crime, the Court is to hold the person to answer the charge. The preliminary hearing is not a trial. It is not a rehearsal for a larger trial to the jury. Normally the Court does not judge the credibility of witnesses in a preliminary hearing. That is the problem in this case, that the testimony of Davis can be understood to be if truthful to make out a crime that he was not the aggressor and that he was attacked without cause when he was not doing anything that he didn't have a right to do. That much is obvious to everyone in the courtroom cannot be explained on the basis of the truthfulness of the other witnesses totally contradictory. All the other witnesses put him in the forefront of a crowd which was menacing in one way or another the defendant and two of his companions. If that is true, Jones has a right to use reasonable force to protect himself from an imminent attack. To me, from the evidence I am not convinced that that isn't the truth. It may or may not be the truth; but from all the evidence I can't find that a crime was committed. If the State has additional evidence, they can refile this

case; but based upon what I have heard, I am not going to send it to the District Court. I will discharge the defendant and dismiss the case."

Two issues were raised in this appeal. One, the trial judge erred at the preliminary examination by requiring the State not only to meet its statutory burden of proof, but also to disprove the defendant's possible defense to the crimes charged. Two, the defendant claims that an appeal by the prosecution is not the proper procedure after the dismissal of the complaint by a trial judge at the preliminary examination.

Under our law, prosecution is commenced when a magistrate receives a complaint (K.S.A. 22-2301). The complaint must contain sufficient facts to allow a magistrate to make an intelligent and independent determination that probable cause exists to believe that a specific crime has been committed, and that the defendant committed or is committing it. *Wilbanks v. State,* 224 Kan. 66, 579 P.2d 132 (1978). The facts for the issuance of a complaint may be based on hearsay or personal knowledge of the affiant. The factual statement for obtaining a complaint need not be admissible under the rules of evidence as required in the preliminary examination or trial of the defendant.

At the preliminary examination the defendant must be present, represented by an attorney unless that right is waived, and the witness examined in the defendant's presence. The defendant has the right to cross-examine witnesses against him and introduce evidence on his behalf. K.S.A. 22-2902. This testimony, if preserved, may be used at the trial of the defendant, thus the requirement that the rules of evidence apply at this stage of the procedure. The quality of the evidence to obtain the complaint/information is no longer sufficient during the preliminary examination. Only evidence admissible in the trial of the defendant is to be considered by the magistrate. If from the evidence it appears to the magistrate that a crime has been committed and there is probable cause to believe the defendant committed a felony, the magistrate binds the defendant over for trial. The proper test is whether there is amply sufficient evidence to support "probable cause" that a crime was committed and that the defendant committed it. *State v. Ramsey,* 228 Kan. 127, 131-32, 612 P.2d 603 (1980).

A preliminary examination differs from a trial. This court stated in *In re Mortimer,* 192 Kan. 164, 166, 386 P.2d 261 (1963):

"There is a difference between the quantum of proof essential to a binding over for trial and that required to convict at the trial. The guilt or innocence of a defendant is not adjudged at a preliminary examination, and it is not necessary that evidence upon which a defendant is held for trial should be sufficient to support a conviction. It is enough if it shows that an offense has been committed and that there is probable cause to believe the defendant is guilty."

In the recent case of *State v. Hunter*, 232 Kan. 853, 854, 658 P.2d 1050 (1983), Justice Miller stated:

"The reasonable doubt test has no place in a preliminary examination. As we have said many times, a magistrate conducting a preliminary examination serves a limited function: to determine whether it appears that a felony has been committed, and whether there is probable cause to believe that the accused committed it. It is an inquiry as to whether the defendant should be held for trial. A thorough discussion of the matter, with reference to many earlier cases, is contained in our recent case of *State v. Ramsey*, 228 Kan. 127, 131-32, 612 P.2d 603 (1980)."

The State complains that the trial judge at the preliminary examination placed on the prosecution an additional burden of disproving the defendant's defenses to the crime charged. The defendant has the right to cross-examine witnesses called by the prosecution and introduce evidence in his own behalf. These rights, especially the right to introduce evidence, imply the defendant can present a defense. The right to introduce evidence would have little meaning if the magistrate was not to seriously consider the defense.

Here the defendant claimed he acted in self-defense. The exercise of the right of self-defense is a lawful act. *State v. Gregory*, 218 Kan. 180, 185-86, 542 P.2d 1051 (1975). K.S.A. 21-3211 states:

"A person is justified in the use of force against an aggressor when and to the extent it appears to him and he reasonably believes that such conduct is necessary to defend himself or another against such aggressor's imminent use of unlawful force."

If the defendant struck in self-defense, there is no crime. No probable cause existed for trial of the defendant. But, if evidence conflicts there is a factual question for the trier of fact to determine. *State v. Blocker*, 211 Kan. 185, 505 P.2d 1099 (1973); *State v. Stringfield*, 4 Kan. App. 2d 559, 608 P.2d 1041, *rev. denied* 228 Kan. 807 (1980). Self-defense was raised at the preliminary examination in *People v. Doss*, 406 Mich. 90, 103, 276 N.W.2d 9 (1979). The Supreme Court of Michigan held:

"The object of a preliminary examination is not to prove guilt or innocence beyond a reasonable doubt, nor should a magistrate discharge a defendant when evidence conflicts or raises reasonable doubt of his guilt; such questions should be left for the jury upon the trial. *People v. Medley*, 339 Mich. 486; 64 NW2d 708 (1954)."

The magistrate at a preliminary examination has a duty not only to pass judgment on the credibility and competency of a witness, but may consider evidence of a defense. The defendant should not be discharged where evidence conflicts or raises a reasonable doubt as to the guilt of the defendant. Where there is a conflict in testimony, a question of fact exists for the jury, and the magistrate must draw the inference favorable to the prosecution. Where there is some doubt that the defendant failed to act in self-defense, he must be bound over for trial.

The defendant claims that an appeal by the prosecution is not the proper procedure following the dismissal of the complaint after the preliminary examination. K.S.A. 22-3602(*b*)(1) states:

"Appeals to the supreme court may be taken by the prosecution from cases before a district judge or associate district judge as a matter of right in the following cases, and no others:

"(1) From an order dismissing a complaint, information or indictment."

The defendant's claim is without merit.

The trial court erred in applying an inappropriate test and in discharging the defendant. The evidence was sufficient to support a probable cause finding and to order the defendant bound over for trial. The discharge by the magistrate, at the preliminary examination stage of this matter, is not a bar to further prosecution. *State v. Bloomer*, 197 Kan. 668, 421 P.2d 58 (1966), *cert. denied* 387 U.S. 911 (1967).

We treat the order as one dismissing the complaint, K.S.A. 22-3602(*b*)(1). The judgment of the trial court is reversed and the case remanded with directions to reinstate the complaint and for further proceedings in conformity with this opinion.