STATE OF KANSAS, *Appellant,* v. JOHNNY RAY HUFF, *Appellee,*
and

No. 55,909

STATE OF KANSAS, *Appellant,* v. RODERICK BROWN, *Appellee.*

(681 P.2d 656)

Opinion filed June 8, 1984.

*David J. King,* assistant county attorney, argued the cause, and *Robert E. Davis,* county attorney, and *Robert T. Stephan,* attorney general, were with him on the brief for appellant.

*Austin N. Wyrick,* of Leavenworth, argued the cause, and *Michael J. Waite,* of Leavenworth, was with him on the brief for appellees.

The opinion of the court was delivered by

MILLER, J.: This is an appeal by the State of Kansas from the dismissal of its cases against Johnny Ray Huff and Roderick Brown at the conclusion of a joint preliminary hearing. Both defendants were charged with aiding and abetting another to commit the crime of aggravated robbery. K.S.A. 21-3205 and 21-3427. Two other defendants, Dwayne Gooch and Freddie Wilson, were separately charged with the commission of the aggravated robbery. All four cases were consolidated for preliminary examination. Gooch and Wilson were bound over and have since entered guilty pleas; neither is a party to this appeal. The sole question is whether the State presented sufficient evidence to have the defendants Huff and Brown bound over for trial.

The facts disclosed at the preliminary examination, concisely stated, were as follows: On the night of April 14, 1983, about 9:30 o'clock p.m., Gilbert Porter was tending his liquor store in Leavenworth, Kansas. Two young black men came in and asked for a bottle of Hennessey cognac. One of the men wore what Porter described as a dark peacoat and a stocking cap. Porter procured the bottle, placed it in a bag and told the men it would be $12.47. When he looked up, the men were pointing handguns at him. They demanded cash and received about $195. They fled, taking the money and cognac with them. Porter did not see any car and did not know whether the robbers joined anybody else after they left the store. He immediately reported the robbery.

About thirty minutes later, Officer Fraijo of the Leavenworth police department spotted an automobile with an expired license tag and pulled it over. As he walked toward the car, he saw the front passenger door open and a brown paper bag being ejected. When the bag hit the ground, it sounded like a bottle was inside. The bottle turned out to be Hennessey cognac. There were four men in the car. Officer Fraijo observed two dark coats on the back seat between the two passengers; one coat looked like a peacoat. Since he had heard a report of the robbery, the officer radioed for assistance and the four occupants of the car were arrested. The driver was Huff, who owned the car. Wilson was on the passenger side of the front seat; Brown and Gooch were in the back. A later search of the car produced a number of one dollar bills and some coins, a dark coat, a dark jacket, a stocking cap, and one .25 caliber semiautomatic pistol. The handgun was in the back seat, while ammunition fitting it was found in the glove compartment.

Brown made a statement that he bought the cognac earlier in the evening at the Kohl Liquor Store. His description of the clerk from whom he claimed to have purchased it did not fit the clerk then on duty. Markings on the bottle recovered were identified as those made by the owner of the Porter Liquor Store, not those used at Kohl's. Huff gave police a statement in which he said he was driving his car with the three passengers when one said that he wanted to get a bottle of liquor. Huff stopped in the parking lot on the south side of Porter's Liquor Store and Gooch and Wilson went into the store. Very shortly thereafter they ran back

to the car with "quite a handful of money," got into the car and started counting the money. Huff drove away and was stopped later by Officer Fraijo. Defendant Gooch gave a statement in which he admitted that he and Wilson had gone into the store and robbed it, and that later the booty was divided among the four men in the car.

At the close of the hearing, the court said:

"[T]here has been no evidence in this preliminary hearing that either Mr. Brown or Mr. Huff in any way aided, abetted, advised, hired, counseled or procured Mr. Wilson and Mr. Gooch to commit this crime, and in fact there is no evidence that they knew it was going to happen when Mr. Wilson and Mr. Gooch entered the liquor store. Therefore, the Court will discharge those defendants. That does not mean the defendants are not possibly guilty of some other matter which appeared during this preliminary hearing, such as possession of stolen property or aiding a felon, but as far as this case is concerned, the defendants [Huff and Brown] are discharged . , . ."

The nature and purpose of a preliminary examination has been discussed in the recent cases of *State v. Jones*, 233 Kan. 170, 660 P.2d 965 (1983), and *State v. Hunter*, 232 Kan. 853, 658 P.2d 1050 (1983). In *Jones* we said:

"If from the evidence it appears to the magistrate that a crime has been committed and there is probable cause to believe the defendant committed a felony, the magistrate binds the defendant over for trial. The proper test is whether there is amply sufficient evidence to support 'probable cause' that a crime was committed and that the defendant committed it. *State v. Ramsey*, 228 Kan. 127, 131-32, 612 P.2d 603 (1980).

"A preliminary examination differs from a trial. This court stated in *In re Mortimer*, 192 Kan. 164, 166, 386 P.2d 261 (1963):

" 'There is a difference between the quantum of proof essential to a binding over for trial and that required to convict at the trial. The guilt or innocence of a defendant is not adjudged at a preliminary examination, and it is not necessary that evidence upon which a defendant is held for trial should be sufficient to support a conviction. It is enough if it shows that an offense has been committed and that there is probable cause to believe the defendant is guilty.' " 233 Kan. at 172-73.

Probable cause connotes considerably less proof than may be required at trial. As we observed in *State v. Hunter*, 232 Kan. at 854, the reasonable doubt test has no place in the preliminary examination. The standard to be applied is less strict. *State v. Howland*, 153 Kan. 352, Syl. ¶ 4, 110 P.2d 801 (1941), defines probable cause as follows:

"The term 'probable cause' is defined to mean a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cau-

tious man in the belief that the person accused is guilty of the offense with which he is charged."

A federal case which cites *Howland* also contains a useful discussion of probable cause. In *Coleman v. Burnett,* 477 F.2d 1187, 1202 (D.C. Cir. 1973), the court said:

"Probable cause signifies evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt. Proof beyond a reasonable doubt, on the other hand, connotes evidence strong enough to create an abiding conviction of guilt to a moral certainty. The gap between these two concepts is broad. A magistrate may become satisfied about probable cause on much less than he would need to be convinced. Since he does not sit to pass on guilt or innocence, he could legitimately find probable cause while personally entertaining some reservations. By the same token, a showing of probable cause may stop considerably short of proof beyond a reasonable doubt, and evidence that leaves some doubt may yet demonstrate probable cause."

In *State v. Jones,* 233 Kan. 170, Syl. ¶ 4, we said:

"At the preliminary examination when there is a conflict in testimony, a question of fact exists for the jury, and the magistrate must draw the inference favorable to the prosecution."

*State v. Sherry,* 233 Kan. 920, 667 P.2d 367 (1983), was an appeal by the prosecution from an order of a trial court in effect finding that no probable cause existed. 233 Kan. at 924. Discussing the burden of the State and the duty of the trial court at preliminary examination, we said:

"The evidence need not prove guilt beyond a reasonable doubt, only probable cause. The trial court must draw the inferences favorable to the prosecution from the evidence presented at the preliminary examination. *State v. Jones,* 233 Kan. 170. A judge reweighing the preliminary examination evidence after arraignment and prior to trial must follow the standard for weighing the evidence as required for the preliminary examination. We conclude probable cause was shown." 233 Kan. at 935.

K.S.A. 21-3205, under which defendants were charged, provides that one is criminally responsible for a crime committed by another if he "intentionally aids [or] abets . . . the other to commit the crime." The question before the trial judge—and now before us—is whether the circumstances disclosed by the evidence presented were "sufficiently strong in themselves to warrant a cautious man in the belief" that Huff and Brown aided and abetted Gooch and Wilson in the commission of the aggravated robbery. Huff was the driver of the automobile. He

drove the robbers to the liquor store, parked in a position where his car could not be seen from within the store, waited until Gooch and Wilson committed the robbery, admitted them back into his car with the loot, drove away, and shared in the proceeds. A reasonably cautious man could conclude that Huff served as the "wheel man." There is ample evidence to show that he knowingly aided and abetted Gooch and Wilson in the commission of the offense. Although mere association with the principals who actually commit a crime or mere presence in the vicinity of the crime are themselves insufficient to establish guilt as an aider and abettor, the knowing association with an unlawful venture and participation in a way which indicates willful furtherance of the success of the venture is sufficient. One who stays in a car, in which he knows the main participants in the crime plan to make their getaway, has been held to intentionally aid and abet in the commission of the crime. See *State v. Burton*, 235 Kan. 472, ____ P.2d ____ (1984), and *State v. Wilson & Wentworth*, 221 Kan. 359, 366, 559 P.2d 374 (1977).

As to defendant Brown, the evidence discloses that he was in the car before, during and after the robbery. He received a portion of the loot; and he gave a false story concerning the origin of the bottle of Hennessey cognac, apparently in an' effort to conceal any connection between the occupants of the car and the Porter Liquor Store robbery. This evidence was sufficient for the purpose of a preliminary examination to show that Brown participated by serving as a lookout while he remained in the car during the robbery. It indicates that he knowingly associated himself with the unlawful venture, aided the active participants, and intended to assist in the success of the crime.

The judgment of the trial court is reversed and the case is remanded with directions to reinstate the complaints against Johnny Ray Huff and Roderick Brown, and for further proceedings in conformity with this opinion.