No. 59,284

STATE OF KANSAS, *Appellant,* v. JOHN DAVID PUCKETT, *Appellee.*

(729 P.2d 458)

Opinion filed December 5, 1986.

*Bruce W. Beye,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Dennis W. Moore,* district attorney, were with him on the brief for appellant.

*J. R. Russell,* of Kansas City, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal by the State pursuant to K.S.A. 22-3602(b)(1) from an order discharging the defendant John David Puckett at the end of his second preliminary hearing on a

criminal complaint charging one count of making a terroristic threat (K.S.A. 1985 Supp. 21-3419).

The facts are not in dispute. On the evening of August 30, 1985, the prosecutrix, Nancy Schall, met her former boyfriend, the defendant John Puckett, while out socializing. Puckett was intoxicated at the time and Schall allowed him to accompany her home and sleep on her couch. When Puckett was awakened the next morning, he was belligerent and refused to leave Schall's residence for over an hour. Ultimately, Schall drove the defendant to his residence, dropped him off and returned to her home. Shortly thereafter Puckett returned and entered Schall's home without authorization. Schall was frightened and when the defendant reached for her she fled to a neighbor's home and called the police. When the police arrived, Puckett had left the residence.

A short time later, and while the police were still at her home, Schall began to receive threatening calls from the defendant. The calls persisted and the victim estimated that she received between fifteen and twenty calls. She testified Puckett repeatedly threatened to kill her. A complaint was filed on September 19, 1985, charging Puckett with making a terroristic threat, and a preliminary hearing was held October 31, 1985. At the conclusion of that hearing the magistrate judge granted the defendant's motion to dismiss. The State then refiled the charge on November 14, 1985, and a second preliminary hearing was held March 4, 1986.

On cross-examination at the March 4, 1986, preliminary hearing, Schall testified that on the third weekend of October, 1985, she and the defendant had spent a weekend together vacationing at the Lake of the Ozarks. In addition, the victim acknowledged that Puckett had spent Christmas Day 1985 at her parents' house.

At the conclusion of testimony, the district judge dismissed the charge of terroristic threat and in doing so stated:

"Mr. Puckett, the circumstances of this case are such that this puts me in a bit of a quandary. *There's no question but what technically, the State has made a prima facie showing in terms of the State's obligation to establish what you did on or about the 31st day of August, '85.* There is no question in my mind but what the [complaining witness] was terrorized by your conduct on that occasion. What I have a problem with in this case is the fact that apparently you won't leave this lady alone at this point even though she has apparently made it repeatedly obvious to you that she does not wish to see you or have any further contact with

you. Now, the law is very clear. It doesn't permit you to force yourself on this lady or on me or upon anybody else. If they don't want you on their property, then you've got to honor that. Now, I don't know how much you intend to spend on bond and legal fees and so forth in the process of learning that lesson, but you better learn it. [Emphasis added.]

. . . .

"Now, I'm not going to buy the concept, Mr. Beye, I'm not going to buy the concept that this lady can be terrorized by the Defendant on 30 or 31 August and then go spend a nice weekend at Tan-Tar-A in October. Now, you know, there's a little thing called forgiveness in the law, whether its criminal law or civil law, and I'll draw you a parallel. It's very clear, you know, when a man and his wife are having marital problems that one can be very angry at the other and one may file for divorce, and maybe that person at that point has been beaten or knocked around or threatened or whatever. But when those two people through their own voluntary actions reconcile, then the law says very clearly that the past transgressions are forgiven because of the changed attitude and the reconciliation that occurred thereafter.

"Now, I'm not about to bind this case over and suggest that Mr. Puckett ought to go to trial on a felony charge of harassment of this lady after they reconciled their differences and spent a pleasant weekend at Tan-Tar-A. Now, it's just ludicrous to have her walk through the door to my courtroom today and suggest that today after this long and leisurely and I assume intimate relationship and weekend at Tan-Tar-A that she wants me to bind him over for his terrorizing of her in August of last year. That is ludicrous. And quite frankly, Mr. Beye, I would love to have you take this case on an appeal and see what the Court of Appeals would say with the concept that she can be terrorized in August of last year, spend a weekend of October in intimate relationships, and then pursue a felony case in prosecution thereafter based upon a prior occurring factual circumstance.

"The Defendant is discharged and surety is released. But, Mr. Puckett, I hope at this point you'll have the good sense to follow Mr. Russell's good advice and stay away from this woman."

The only issue raised by the State is whether the judge erred in failing to bind the defendant over for trial.

The State claims that probable cause existed under the testimony outlined above to require the judge to bind the defendant over to the district court for trial. Probable cause at a preliminary hearing has been defined as evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt. *State v. Green*, 237 Kan. 146, 697 P.2d 1305 (1985). We agree with the State that probable cause existed to bind the defendant over for trial.

K.S.A. 22-2902 provides in part:

"**Preliminary examination.** (1) Every person arrested on a warrant charging a felony or served with a summons charging a felony shall have a right to a

preliminary examination before a magistrate, unless such warrant has been issued as a result of an indictment by a grand jury.
. . . .
(3) The defendant shall not enter a plea at the preliminary examination. The defendant shall be personally present and the witnesses shall be examined in said defendant's presence. The defendant's voluntary absence after the preliminary examination has been begun in said defendant's presence shall not prevent the continuation of the examination. The defendant shall have the right to cross-examine witnesses against the defendant and introduce evidence in his or her own behalf. *If from the evidence it appears that a felony has been committed and there is probable cause to believe that a felony has been committed by the defendant the magistrate shall order the defendant bound over to the district judge or associate district judge having jurisdiction to try the case; otherwise, the magistrate shall discharge the defendant.*" (Emphasis added.)

In the present case the judge acknowledged that the State had established sufficient probable cause that the crime alleged had been committed. Having found probable cause, the judge was required by the statute to bind the defendant over for trial. Compare *State v. Jones*, 233 Kan. 170, 660 P.2d 965 (1983). It is not the function of the judge or magistrate at a preliminary hearing to determine the wisdom of the prosecuting attorney's decision to file and pursue the charges against a defendant. Neither is it the function of the trial judge to conclude that there should be no prosecution because the possibility of a conviction may be remote or virtually nonexistent. *State v. Hunter*, 232 Kan. 853, 658 P.2d 1050 (1983). While the court's analogy of the present facts to the defense of condonation in a divorce or marital case appears rational, and has a certain amount of appeal from a commonsense standpoint, there is no such defense to a criminal charge. Nancy Schall was not a party to this case. The action is between the State of Kansas and the defendant and her wishes or actions subsequent to August 31, 1985, do not control whether a prosecution should be pursued. When the State has established the necessary probable cause at a preliminary hearing, it is the duty of the judge to bind the defendant over for prosecution regardless of the wishes of the alleged victim or the personal assessment of the judge as to the merits of the action.

The judge erred when he failed to bind the defendant over for trial.

Defendant on appeal asserts that further prosecution is barred because of the constitutional prohibition against double jeopardy. It is argued that subjecting the defendant to two prelimi-

nary hearings constitutes double jeopardy when there was no additional or different evidence offered at the second preliminary hearing. It has often been held that the discharge of a defendant at a preliminary hearing does not constitute a bar to a subsequent prosecution on the same charges. *State v. Hunter,* 232 Kan. at 854; *State v. Bloomer,* 197 Kan. 668, 671, 421 P.2d 58 (1966), *cert. denied* 387 U.S. 911 (1967). The argument lacks merit.

The judgment of the district court is reversed and the case is remanded with directions to reinstate the complaint.