No. 66,050

STATE OF KANSAS, *Appellant,* v. FRED D. TEETER, *Appellee.*

(819 P.2d 651)

Opinion
filed October 25, 1991.

*Phillip A. Burdick,* county attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Thomas R. Stanton,* of Lawrence, were with him on the brief for appellant.

*Kaye Messer,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with her on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: In this criminal action, the district magistrate determined at preliminary hearing that the inventory search of an automobile owned by Fred D. Teeter was an illegal search and

seizure and ordered suppression of all evidence seized as a result. Absent the suppressed evidence, the State failed to establish probable cause, and the case was dismissed. The State appealed the magistrate's decision to the district court, where the magistrate was affirmed. This appeal by the State followed.

The facts are not in dispute. In the early morning hours of August 28, 1990, a Hiawatha policeman, Larry Slaper, noticed a car in a bowling alley parking lot with a person's foot sticking out of a window. When Officer Slaper stopped to investigate, he found the defendant, Fred Teeter, in the car and asked Teeter for his driver's license and proof of vehicle registration. Teeter's driver's license had expired but the vehicle registration showed Teeter was the owner of the vehicle. The vehicle had a temporary Missouri license plate.

Because Teeter did not have a valid driver's license and was from out of town, Officer Slaper instructed Teeter to drive his car to the Law Enforcement Center. Upon arrival at the center, Officer Slaper asked Teeter for proof of liability insurance, which Teeter did not have. On the authorization of Police Chief Turner, Officer Slaper then impounded Teeter's car. Teeter was not given a citation or arrested at that time because Officer Slaper had not observed Teeter actually driving illegally except at Slaper's direction. The stated basis for impounding the car was that Teeter had no driver's license or liability insurance and did not know anyone in Hiawatha who could drive the car for him.

Police Chief Turner instructed Officer Slaper to put Teeter up in a motel for the night. Officer Slaper initially had Teeter lock his car and allowed Teeter to keep the keys; he returned to the motel later, however, and got the keys from Teeter, who voluntarily relinquished them. Slaper did not warn Teeter that the keys would be used to facilitate a search of his car.

Three hours after Teeter's car was impounded, Officer Slaper conducted an inventory search of it. Performing an inventory search of any impounded vehicle is standard procedure in Hiawatha. The search revealed a vial containing a white powdery substance, other containers containing a white substance, scales, spoons, and a syringe. The white substances were sent to the Kansas Bureau of Investigation for analysis which revealed them to be the controlled substances of methamphetamine and cocaine.

Later that morning Teeter was arrested at the motel. Teeter was charged with possession of methamphetamine and other controlled substances, K.S.A. 1990 Supp. 65-4127b; possession of a narcotic, cocaine, K.S.A. 1990 Supp. 65-4127a; possession of marijuana, K.S.A. 1990 Supp. 65-4127b(a)(3); and possession of drug paraphernalia, K.S.A. 65-4152(a)(2). As we previously stated, at the preliminary hearing the district magistrate held the inventory search of Teeter's car was a violation of Teeter's Fourth Amendment rights based upon *State v. Boster*, 217 Kan. 618, 539 P.2d 294 (1975), *overruled on other grounds State v. Fortune*, 236 Kan. 248, 689 P.2d 1196 (1984). Because the search and seizure of Teeter's car was illegal, the magistrate further found that all evidence acquired through the search should be suppressed. Due to the suppression of evidence, the magistrate held the State had failed to establish probable cause for the crimes charged and dismissed all four counts against Teeter; the dismissal was affirmed by the district court. This appeal followed.

The State contends the magistrate and the district judge erred in finding the search was illegal, suppressing all physical evidence, finding no probable cause, and dismissing the complaint. First, we must determine whether Teeter's car was *lawfully* impounded, since that controls the other issues.

Under the Fourth Amendment to the U.S. Constitution, a search and seizure of evidence obtained without a warrant issued upon probable cause is *"per se* unreasonable . . . subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357, 19 L. Ed. 2d 576, 88 S. Ct. 507 (1967). Inventory searches of vehicles lawfully impounded have been recognized as one of these few exceptions. *South Dakota v. Opperman*, 428 U.S. 364, 369-71, 49 L. Ed. 2d 1000, 96 S. Ct. 3092 (1976). Inventory searches of vehicles serve three purposes: the protection of the owner's property while it remains in police custody, the protection of the police against claims or disputes over lost or stolen property, and the protection of the police from potential danger. *Opperman*, 428 U.S. at 369.

It is a well-known rule of law that an inventory search of a vehicle cannot be valid unless the police first obtain lawful possession of the vehicle. The police must have authorization by statute or ordinance to lawfully impound a vehicle, whether at

the station house or other place of safekeeping. If the police do not have express authority to impound a vehicle, they may still take lawful custody of a vehicle when there are "reasonable grounds" for impoundment. *State v. Boster,* 217 Kan. at 624.

The State argues that although no statute or ordinance gave Officer Slaper express authority to impound Teeter's car, the police could lawfully impound the car under the circumstances. The State explains that impoundment was necessary to "protect the interests of both [Teeter] and the city and the citizens of Hiawatha." Officer Slaper did not issue a citation to Teeter or arrest him. However, Officer Slaper, at the direction of Police Chief Turner, did impound the car because Teeter did not have a valid driver's license or liability insurance and Teeter was not from the Hiawatha area. According to Officer Slaper, Teeter's car was illegally parked in the bowling alley parking lot because it was not parked in a regular parking stall. Teeter was never asked if he could arrange to have somebody come to Hiawatha and move the vehicle for him.

It is Hiawatha police policy to instruct people found sleeping in their cars to go to a parking area by the lake, pull over out of the way, and sleep there. Officer Slaper testified the normal police procedure in Hiawatha is to issue a traffic citation in cases when the person's driver's license had expired or where the driver has no proof of liability insurance. Officer Slaper further admitted the car could have legally been driven by someone who did have a valid driver's license, or it could have been towed.

*State v. Fortune,* 236 Kan. 248, gives us some guidance. A Wichita police officer arrested defendant for driving under the influence of intoxicating liquor. Because no one was present to assume responsibility for the vehicle, the defendant's car was impounded pursuant to police policy. Furthermore, an inventory search of the vehicle was performed and all personal property was removed for safekeeping. 236 Kan. at 249. While addressing the issue of whether the scope of the search was reasonable and within the restraints of the Fourth and Fourteenth Amendments to the United States Constitution and Section 15 of the Bill of Rights of the Kansas Constitution, we announced some guidelines for determining the reasonableness of impounding a vehicle. We stated:

"If the owner, operator or person in charge of the vehicle is readily available to make a determination as to the disposition of the vehicle then he may do so. If the person responsible for the vehicle desires that the vehicle be left lawfully parked upon the streets or that it be turned over to some other person's custody, then, absent some other lawful reason for impounding the vehicle, his or her wishes must be followed. Only when a vehicle is found illegally parked and unattended, or where the person responsible for its possession is unable . . . or unwilling to instruct the arresting officers as to the vehicle's deposition or some other legal reason justifying impoundment exists should the officers assume control over the vehicle." 236 Kan. at 257.

We had previously stated in *State v. Boster*, 217 Kan. at 624, six examples of situations which give rise to reasonable grounds for impoundment. They were:

" 'the necessity for removing (1) an unattended-to car illegally parked or otherwise illegally obstructing traffic; (2) an unattended-to car from the scene of an accident when the driver is physically or mentally incapable of deciding upon steps to be taken to deal with his property, as in the case of the intoxicated, mentally incapacitated or seriously injured driver; (3) a car that has been stolen or used in the commission of a crime when its retention as evidence is necessary; (4) an abandoned car; (5) a car so mechanically defective as to be a menace to others using the public highway; (6) a car impoundable pursuant to ordinance or statute which provides therefor as in the case of forfeiture. . . .' "

Let us apply these guidelines to the facts currently under consideration. Teeter was in his car at the time Officer Slaper first noticed the car parked in the bowling alley parking lot, a private area. Although Teeter was capable of making decisions about whether to leave his car parked or to arrange for someone else to move or tow it, he was not consulted. We conclude the facts of this case do not support a reasonable basis for the police to lawfully impound Teeter's car.

"An inventory search of an automobile cannot be valid unless the police initially obtain lawful custody of the vehicle." *Boster*, 217 Kan. 618, Syl. ¶ 5. Since we have held the impoundment of Teeter's car was unreasonable and, therefore, unlawful, the inventory search was unlawful. All evidence obtained through the unlawful search was properly suppressed by the magistrate. See *Wong Sun v. United States*, 371 U.S. 471, 484-85, 9 L. Ed. 2d 441, 83 S. Ct. 407 (1963) ("fruit of the poisonous tree," whether direct or indirect, is inadmissible evidence).

At a preliminary hearing the State, using evidence admissible at trial, must introduce sufficient evidence to make it appear to the judge that a crime has been committed with probable cause to believe the defendant committed the offense. *State v. Jones,* 233 Kan. 170, 172, 660 P.2d 965 (1983). Probable cause means a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves, to warrant a reasonable belief that the person accused committed the offense with which he is charged. *State v. Huff,* 235 Kan. 637, Syl. ¶ 3, 681 P.2d 656 (1984). Without the evidence derived from the search, the State lacked the probable cause required to charge Teeter with the amended complaint's four counts. The magistrate, therefore, properly dismissed the charges against Teeter.

The judgment of the trial court is affirmed.