**UNITED STATES of America,**
**Plaintiff,**

v.

**Eric J. DUEGAW and Charity**
**J. Kossin, Defendants.**

**Nos. 04–40039–01–RDR,**
**04–40039–02–RDR.**

United States District Court,
D. Kansas.

July 6, 2004.

Marilyn M. Trubey, Office of Federal Public Defender, Mark W. Works, Works & Works, P.A., Topeka, KS, for Defendants.

Randy M. Hendershot, Office of United States Attorney, Topeka, KS, for Plaintiff.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This order is issued following a hearing upon the pretrial motions in this case. The court considered four motions. At the conclusion of the hearing, the court announced that we would consider a motion for production filed by defendant Kossin to be moot. The court also granted defendant Duegaw's motion to surrender bond. The court took two motions to suppress filed by defendant Duegaw under advisement. Upon careful review, the court shall deny the two motions to suppress for the reasons that follow.

Background

On March 24, 2004, Emporia police officers were called to a Quick Cash store to investigate an allegedly fraudulent Western Union money order which defendant Charity Kossin was attempting to cash while using the name "Chrissy Kelly." Defendant Duegaw was outside the store in a 1996 Jeep. The officers learned that Kossin was associated with defendant Duegaw. So, the officers questioned Duegaw. During this questioning, defendant Duegaw allegedly gave officers a false name, "Eric Lynn Dunlap," and said there was a computer and a printer in the Jeep.

The questioning led to defendant Duegaw's arrest. The Jeep was impounded. Two search warrants for the Jeep were applied for and issued. The first search warrant was directed at finding evidence connected with the alleged fraudulent money order. During that search some narcotics and firearms evidence were located. The second search warrant was directed at finding further evidence of gun and drug crimes.

Defendant Duegaw's motion to suppress statement

In this motion defendant contends that he was questioned in custody prior to being given a Miranda warning and, therefore, his statements should be suppressed. The officer who questioned defendant Duegaw recorded what was said between them. The court has listened to that re-

cording. The officer gave defendant Duegaw a Miranda warning prior to questioning him. Defendant Duegaw affirmatively waived his Miranda right to remain silent and answered the questions of the officer. Therefore, the court shall deny defendant Duegaw's motion to suppress statements he made to the officers on March 24, 2004.

**Defendant Duegaw's motion to suppress evidence from the Jeep**

This motion contends that evidence seized from the Jeep should be suppressed because it is the product: 1) of an illegal arrest of defendant; 2) of an illegal impoundment of the Jeep; and 3 because there was no probable cause to search the Jeep.

The court believes there was probable cause to arrest defendant Duegaw. "Probable cause to arrest exists only when the 'facts and circumstances within the officers' knowledge, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed.'" *U.S. v. Valenzuela,* 365 F.3d 892, 896 (10th Cir.2004) quoting, *U.S. v. Edwards,* 242 F.3d 928, 934 (10th Cir.2001). Probable cause does not require facts sufficient to find guilt, but it does require more than mere suspicion. *Id.,* quoting *U.S. v. Morris,* 247 F.3d 1080, 1088 (10th Cir.2001). An objective standard is applied; "[t]hus, the primary concern is 'whether a reasonable officer would have believed that probable cause existed to arrest the defendant based on the information possessed by the arresting officer.'" *Id.,* quoting, *Olsen v. Layton Hills Mall,* 312 F.3d 1304, 1312 (10th Cir.2002).

At the time of defendant Duegaw's arrest, the officers were aware of facts and circumstances indicating that his traveling companion was attempting to cash a fraudulent Western Union money order in a store while Duegaw was waiting outside with the Jeep in which he and his companion were traveling. They knew that passing fraudulent checks and money orders is often done with the aid of computers and printers and that the Jeep contained a computer and printer. They had reason to believe that defendant Duegaw's companion was using fake identification. Duegaw said his middle initial was "L", but his identification listed his middle name as "Flynn." His reported date of birth did not match that listed on his identification. Therefore, the officers had reason to believe that defendant was using fake identification. Duegaw admitted lying to the officer about going to college after he originally said that the computer in the Jeep was for school purposes. Duegaw could not give the address of his place of employment. His answers regarding his relationship and travel plans with his companion seemed suspicious and evasive. He said he had known her for six months but seemed somewhat vague about her last name. He said they were driving to St. Louis, but got off the Kansas Turnpike at the cattle pens and took a back route into Emporia. Finally, the officers were aware of recent police reports of persons passing fraudulent Western Union money orders and counterfeit payroll checks in Emporia and other Kansas cities.

Defendant cites *Ybarra v. Illinois,* 444 U.S. 85, 91, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979) for the proposition that "mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person." Some courts, when referred to Ybarra, have commented that police officers are not required to ignore the fact that criminals rarely welcome innocent persons as witnesses to serious crimes and rarely seek to perpetrate serious crimes before larger than necessary audiences. *E.g., U.S. v. Martinez–Molina,* 64 F.3d 719, 729 (1st Cir.1995) citing, *U.S. v. Ortiz,*

966 F.2d 707, 712 (1st Cir.1992) cert. denied, 506 U.S. 1063, 113 S.Ct. 1005, 122 L.Ed.2d 154 (1993). *In U.S. v. Lee,* 317 F.3d 26, 32–33 (1st Cir.) cert. denied, 538 U.S. 1048, 123 S.Ct. 2112, 155 L.Ed.2d 1089 (2003), the court applied this language in distinguishing the Ybarra holding in a case where traveling companions suspected of credit card fraud were arrested.

We believe Ybarra is distinguishable in this case as well. The arresting officers had more than propinquity to support the arrest of defendant. We believe they had probable cause.

■ After defendant was arrested, the Jeep in which he was traveling was impounded. Defendant contends this is illegal. Defendant also contends there was no probable cause to search the vehicle. We believe these issues may be considered together. Probable cause to believe that evidence of a crime was contained in the vehicle provided legal grounds to impound the vehicle. *See Illinois v. McArthur,* 531 U.S. 326, 334, 121 S.Ct. 946, 148 L.Ed.2d 838 (2001) (in various circumstances the Court has permitted temporary restraints where needed to preserve evidence until police can obtain a warrant); *U.S. v. Brown,* 24 F.3d 1223, 1226 (10th Cir.1994) (dog sniff produced probable cause to impound vehicle and obtain a search warrant); *State v. Teeter,* 249 Kan. 548, 819 P.2d 651, 654 (1991) quoting, *State v. Boster,* 217 Kan. 618, 539 P.2d 294, 299 (1975)(impoundment is appropriate if a vehicle's retention as evidence is necessary).

■ In this case, there was probable cause to search the vehicle. Probable cause to search exists if there is a fair probability that evidence of a crime will be found in a particular place. *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). When making a probable cause determination, a magistrate may draw reasonable inferences from the information in the affidavit. *U.S. v. Rowland,* 145 F.3d 1194, 1205 (10th Cir.1998).

In the instant case, the affidavit for the search warrant indicated that both occupants of the Jeep were using false identification. One of the occupants had been attempting to pass a fraudulent money order. There was a computer and printer in the vehicle, according to one of its occupants. These machines are used to perpetrate crimes like the passing of false money orders. This information provided probable cause to issue a warrant to search the vehicle and legal grounds to impound the vehicle prior to the search.

Even if we were to conclude the warrant was not supported by probable cause, we would apply the good faith exception to the exclusionary rule set forth in *U.S. v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Under the Leon holding, reasonable good faith reliance upon a search warrant precludes suppression. Rowland, 145 F.3d at 1206.

Because there is no good reason to find that the first search warrant was improperly issued or executed, there is no grounds to find that the evidence obtained from the execution of the second search warrant should be suppressed.

Conclusion

In conclusion, for the above-stated reasons, defendant Duegaw's motions to suppress shall be denied. Defendant Duegaw's motion to surrender bond has been granted. Defendant Kossin's motion for production shall be considered moot.

**IT IS SO ORDERED.**