**STATE of Utah, Plaintiff and Appellee,**

v.

**Jerry L. PLEDGER, Defendant and Appellant.**

**No. 930628.**

Supreme Court of Utah.

May 31, 1995.

Jan Graham, Atty. Gen., J. Kevin Murphy, Asst. Atty. Gen., Salt Lake City, for plaintiff.

Randall T. Gaither, Salt Lake City, for defendant.

Paul G. Cassell, Salt Lake City, for amicus Utah Council on Victims.

ZIMMERMAN, Chief Justice:

We granted Jerry L. Pledger's interlocutory appeal from a district court order denying his motion to quash a magistrate's bindover order. After a preliminary hearing, a magistrate bound Pledger over for trial on two first degree felony counts of forcible sodomy.[1] Pledger contends that the district court erred in not quashing the bind over for the following reasons:

(i) it was based on hearsay which is inadmissible under rule 7(h) of the Utah Rules of Criminal Procedure; and (ii) even if hearsay is admissible at preliminary hearings under

---

**1.** The information charges Pledger with two violations of section 76–5–403 of the Utah Code, which provides as follows:

(1) A person commits sodomy when the actor engages in any sexual act with a person

the rules of criminal procedure, its admission violated Pledger's Utah constitutional right to confront a material witness against him at a critical stage of the prosecution. We affirm.

The facts relevant to this appeal are undisputed. Pledger is charged by information with two counts of forcible sodomy. On the basis of the information, a court commissioner sitting as a magistrate held a preliminary hearing on August 20, 1993. Rather than call the alleged victim ("V.C.") to testify at the preliminary hearing, the State called two police officers who had investigated the crime.[2]

The State called patrol officer Glen Banks as its first witness. Banks testified that he responded to a call for assistance at approximately two o'clock on the morning of July 7, 1993. Banks located the caller, V.C., while V.C. was still on the telephone with the police dispatcher. Banks testified that V.C. appeared to be "approximately age fourteen or around there." He was clad in shorts, t-shirt, and socks but no shoes. Banks observed that V.C. "had tears in his eyes, and he was talking to me like he had been crying."

Banks testified that he drove V.C. to the police station, where V.C. provided Banks with certain biographical information and an initial account of the alleged crimes. When the State attempted to question Banks about his conversation with V.C., Pledger objected on the ground that (i) the proposed testimony concerned inadmissible hearsay, and (ii) admission of the hearsay would violate Pledger's right to confrontation under article I, section 12 of the Utah Constitution. The magistrate overruled Pledger's objections, and Banks proceeded to testify about his conversation with V.C.

V.C. told Banks that his birth date was June 5, 1979. V.C. stated that he had arrived in St. George from Salt Lake City a few days earlier, in the employ of a man named Jerry. According to Banks, V.C. stated that he came to St. George to help Pledger renovate some apartments. V.C. told Banks that during his stay in St. George, Pledger had twice given him a "blow job." Banks testified that V.C.'s call to the police had been precipitated by a third incident in which Pledger removed V.C.'s clothing while V.C. was sleeping and rubbed oil on his toes and genitals. Banks went on to testify that on the basis of information he obtained from V.C., he located Pledger's truck at a St. George motel. Having placed V.C. in the care of social services pending his return to Salt Lake City, Banks referred the case to police detective Russell Peck.

The State called Peck as its second and final witness at the preliminary hearing. Peck testified that he had telephoned Pledger the following afternoon and that Pledger had agreed to come to the police station for an interview. Pledger volunteered that he knew the interview would be about V.C. Upon receiving his *Miranda* warnings, Pledger agreed to talk to Peck without an attorney present.

According to Peck, Pledger admitted that V.C. worked for him. Pledger also admitted performing oral sex upon V.C. twice (the second time at V.C.'s request), each time causing V.C. to have an orgasm. Peck testified that Pledger had also described the incident that precipitated V.C.'s police call, telling Peck that he had removed the sleeping V.C.'s wet swimsuit and had applied lotion to him because he was sunburned.

At the close of evidence, Pledger moved the magistrate to dismiss the information on

who is 14 years of age or older involving the genitals of one person and mouth or anus of another person, regardless of the sex of either participant.

(2) A person commits forcible sodomy when the actor commits sodomy upon another without the other's consent.

(3) Sodomy is a class B misdemeanor. Forcible sodomy is a felony of the first degree.

Utah Code Ann. § 76–5–403.

**2.** Although the alleged crime occurred in St. George, Utah, V.C., the victim, is a resident of Salt Lake City. Because the State did not want to transport V.C. to St. George for the preliminary hearing, it chose not to call him to testify.

two grounds: (i) citing rule 7(h) of the Utah Rules of Criminal Procedure, Pledger argued that the State had failed to adduce sufficient admissible evidence to demonstrate probable cause for a bind over on the forcible sodomy charge; and (ii) citing this court's opinion in *State v. Anderson*, 612 P.2d 778 (Utah 1980), Pledger argued that the preliminary hearing was conducted in violation of his Utah constitutional right to confront all material witnesses at all critical stages in the prosecution. The magistrate denied Pledger's motion and bound him over for trial in the district court.

After the preliminary hearing but prior to arraignment, Pledger moved to quash the bind-over order in the district court. A hearing was held on the motion on November 19, 1993. After oral argument on the motion to quash the bind-over order, the district court found that V.C. was not called as a witness and that Pledger made an appropriate and timely objection to Banks' testimony at each and every juncture of the preliminary hearing. The district court also found that the age of V.C. "was established only by hearsay evidence, although Officer Banks did testify [that] the purported victim was 'about 14 years of age.'"

On the basis of these findings, the district court reached the following conclusions of law:

The age of the purported victim was only established by hearsay that is not within any of the exceptions in Rules 801–804 of the Rules of Evidence for admissibility.

However, Rule 7(h) of the Rules of Criminal Procedure apparently allows

hearsay to be admitted in a preliminary hearing.

The Court has the authority to remand the case for a preliminary hearing or under Rule 16 of the Utah Rules of Criminal Procedure to order the purported victim to submit to the taking of a deposition.

The District Court chooses to exercise its discretion in denying both [m]otions for the following reasons:

The committing magistrate has the responsibility to determine probable cause at a preliminary hearing. This standard is lower, even, than a preponderance of the evidence standard applicable to civil cases. That standard was met through the admissions of the Defendant and Officer Banks' statement [that] the victim was about 14 years of age. The Court is not persuaded that justice requires [that] the victim submit to a deposition and declines to order such.

We granted Pledger's interlocutory appeal.

On appeal, Pledger argues that the Utah Rules of Criminal Procedure and the Utah Rules of Evidence prohibit the introduction of hearsay at preliminary hearings. Pledger also argues that if the rules of evidence and criminal procedure do allow the admission of hearsay at preliminary hearings, they do so in derogation of our holding in *State v. Anderson*.[3] In response, the State asserts that rule 7(h)(2) does indeed allow the introduction of hearsay at preliminary hearings and asks this court to read *Anderson* as allowing the introduction of "reliable hearsay." The Utah Council on Victims and several allied organizations, amici curiae in this case, ask this court to overrule *Anderson* in favor of the federal rule.[4] We conclude that

---

**3.** In *State v. Anderson*, 612 P.2d 778 (Utah 1980), the chief of police and the justice of the peace of Soldiers Summit, Utah, were charged with witness tampering. They allegedly coerced Applegate, a customer at a local tavern, into signing a false statement regarding the sale of liquor at the tavern. *Id.* at 781. At the preliminary hearing, the magistrate permitted the prosecution to introduce Applegate's sworn affidavit over the objection of the defendants. *Id.* In a subsequent appeal, the defendants argued that the admission of the affidavits constituted a denial of their constitutional right to be confronted by the wit-

nesses against them in a criminal prosecution. *Id.* at 781–82. This court agreed, holding that the admission of hearsay evidence in the form of sworn affidavits violated the defendants' confrontation rights as guaranteed by the Utah State Constitution. *Id.* at 786.

**4.** The United States Supreme Court has held that the protections afforded criminal defendants by the Confrontation Clause do not extend to preliminary hearings. *See Gerstein v. Pugh*, 420 U.S. 103, 120–22, 95 S.Ct. 854, 866–67, 43 L.Ed.2d 54 (1975).

we need not reach these contentions because the State adduced sufficient evidence at the preliminary hearing to bind Pledger over even if the hearsay statements are not considered.

■ Preliminary hearings are adversarial proceedings in which the prosecution must present sufficient evidence to establish that "the crime charged has been committed and that the defendant has committed it." Utah R.Crim.P. 7(h)(2). "The prosecution is not required to introduce enough evidence to establish the defendant's guilt beyond a reasonable doubt, but must present a quantum of evidence sufficient to warrant submission of the case to the trier of fact." *Anderson,* 612 P.2d at 783. In making a determination as to probable cause, the magistrate should view the evidence in a light most favorable to the prosecution and resolve all inferences in favor of the prosecution. *People v. District Court,* 779 P.2d 385, 388 (Colo.1989) (en banc); *State v. Starks,* 249 Kan. 516, 820 P.2d 1243, 1246 (1991); *see also Diaz v. State,* 728 P.2d 503, 510 (Okla.Crim.App. 1986) ("[T]here is a presumption that the State will strengthen its evidence at trial."). Moreover, "[u]nless the evidence is wholly lacking and incapable of reasonable inference to prove some issue which supports the [prosecution's] claim," the magistrate should bind the defendant over for trial. *Cruz v. Montoya,* 660 P.2d 723, 729 (Utah 1983) (setting out standard for directed verdict in civil case). With the above principles in mind, we agree with the district court's conclusion:

> The committing magistrate has the responsibility to determine probable cause at a preliminary hearing. This standard is lower, even, than a preponderance of the evidence standard applicable to civil cases.

> *That standard was met through the admissions of the Defendant and Officer Banks' statement [that] the victim was about 14 years of age.*

(Emphasis added.)

In support of its contention that Pledger committed forcible sodomy on V.C., the State relies on sections 76–5–406(10) and 76–5–404.1 of the Utah Code. Section 76–5–406(10) provides as follows:

> An act of ... sodomy ... is without consent of the victim under any of the following circumstances:
>
> ...;
>
> (10) the victim is younger than 18 years of age and at the time of the offense the actor was the victim's parent, stepparent, adoptive parent, or legal guardian or occupied a position of special trust in relation to the victim as defined in Subsection 76–5–404.1(3)(h).

Utah Code Ann. § 76–5–406(10). Section 76–5–404.1 provides that " 'position of special trust' means that position occupied by a person in a position of authority, who, by reason of that position[,] is able to exercise undue influence over the victim, and includes ... the position occupied by a[n] ... employer." *Id.* § 76–5–404.1(3)(h). Under these provisions, the State must produce evidence sufficient to survive a motion for a directed verdict, *Anderson,* 612 P.2d at 783, as to each of the following elements of the crime: (i) Pledger and V.C. engaged in an act of sodomy as defined in section 76–5–403 of the Utah Code; (ii) V.C. was under the age of eighteen; and (iii) Pledger was V.C.'s employer.[5]

We conclude that the State has met its burden. Pledger confessed that he engaged

---

**5.** On appeal, Pledger asserts that the State was also obligated to demonstrate that Pledger acted with the requisite mens rea: to wit, that he recklessly disregarded the likelihood that V.C. was under eighteen years of age at the time of the offense. *See State v. Elton,* 680 P.2d 727, 729–30 (Utah 1984). While agreeing that the mens rea of recklessness applies to the crime of forcible sodomy, the State contends that Pledger waived the issue when he failed to raise the issue at the preliminary hearing and failed to bring the

issue before the district court in his motion to quash the bind over. We agree with the State. Pledger waived the issue of mens rea when he failed to bring it before the magistrate and district court. *See State v. Jameson,* 800 P.2d 798, 801 (Utah 1990); *see also State v. Archambeau,* 820 P.2d 920, 926 (Utah Ct.App.1991). Because Pledger does not argue that "exceptional circumstances" or "plain error" justifies a review of the issue, we decline to consider it on appeal. *Archambeau,* 820 P.2d at 926.

in two acts of sodomy with V.C. Furthermore, Pledger admitted that he was V.C.'s employer. Thus, the sole remaining issue is whether the State adduced sufficient evidence of V.C.'s age "to warrant submission of the case to the trier of fact." *Id.* Although it is a close call, we conclude that Officer Banks' testimony that V.C. appeared to be "approximately" fourteen years of age is sufficient for bind over. Under the statute at issue here, the victim is incapable of consent until the age of eighteen. Given the pattern of physical development among young boys, it is unlikely that Officer Banks would have mistakenly identified an eighteen-year-old boy as being fourteen. Thus, because we cannot say that "the evidence is wholly lacking and incapable of reasonable inference to prove some issue which supports the [prosecution's] claim," *Cruz,* 660 P.2d at 729, we conclude that the district court did not err when it refused to quash the bind over.

The judgment of the district court is affirmed, and the case is remanded for a trial on the merits.

STEWART, Associate C.J., and HOWE, DURHAM and RUSSON, JJ., concur.