1999 UT 27

**STATE of Utah, Plaintiff and Respondent,**

v.

**Shirley Ann WELLS, Defendant and Petitioner.**

**No. 980124.**

Supreme Court of Utah.

March 30, 1999.

Jan Graham, Att'y Gen., Norman E. Plate, Ass't Att'y Gen., Salt Lake City, for plaintiff.

Ronald J. Yengich, Salt Lake City, for defendant.

ZIMMERMAN, Justice:

¶ 1   This case comes to us on a petition for a writ of certiorari.   Shirley Wells ("Wells"), the defendant in this case, seeks reversal of a district court ruling denying her motion to quash her bindover.   She took an interlocutory appeal to the court of appeals, which was denied.   She then sought certiorari from us and requested that her case be heard with *State v. Talbot* because the two cases presented similar issues.   We let *Talbot* precede this case.   It was decided on November 17, 1998 and disposed of issues central to Wells' case.   *See State v. Talbot,* 972 P.2d 435 (1998).   We now grant the writ of certiorari, apply *Talbot* to this case, and affirm the district court.

¶ 2   Wells is charged with Criminal Homicide, Child Abuse Homicide in violation of Utah Code Ann. § 76–5–208 (Supp.1998), in connection with the death of her one and a half year old foster daughter, Amber Lynn Bean.   The facts are similar to those in *Talbot;* in each case a child died, and in each an expert testified at the preliminary hearing to an opinion that the cause of death was not an accident but an injury inflicted by another person.   Wells frames the issue as whether a district court reviewing a bindover has authority to quash that bindover order if it believes the state has presented insufficient evidence to support the crime charged.   In *Talbot,* we held that a district court does have discretion to quash a bindover order, but that it may properly do so only upon finding a lack of probable cause.   972 P.2d at 438.   We also held that when a magistrate is weighing conflicting credible evidence to determine the presence of probable cause, " 'the magistrate [should] view the evidence in a light most favorable to the prosecution and resolve all inferences in favor of the prosecution.' "   *Id.* (quoting *State v. Pledger,* 896 P.2d 1226, 1229 (Utah 1995)).   This is because the weighing of conflicting credible evidence must be left to the fact-finder at trial.   *See id.*   The question in the present case is whether probable cause was lacking.

¶ 3   The medical examiner, Dr. Maureen Frikke, testified at the preliminary hearing that she could state within a reasonable degree of medical certainty that Amber died as a result of compressional asphyxia.   She explained that compressional asphyxia is caused by outside pressure preventing the victim from breathing.   Wells' attorney cross-examined Dr. Frikke about her level of certainty that Amber died from compressional asphyxia and offered alternative non-inculpating explanations for Dr. Frikke's medical findings.   At the conclusion of the testimony, the magistrate denied Wells' motion to dis-

miss and bound her over to stand trial in the district court. The district court also denied Wells' subsequent motion to dismiss.

¶ 4  Wells filed an interlocutory appeal with the court of appeals. The court of appeals denied the interlocutory appeal. This petition for a writ of certiorari from that denial was then filed. We grant the writ and affirm the district court's denial of the motion to quash. As in *Talbot*, the evidence that the child was killed by a person rather than by accident may be controverted. Nevertheless, when the evidence is viewed in a light most favorable to the prosecution, it is sufficient to sustain a finding of probable cause.

¶ 5  We find that the magistrate correctly decided to bind Wells over for trial.

¶ 6  Chief Justice HOWE, Associate Chief Justice DURHAM, Justice STEWART, and Justice RUSSON concur in Justice ZIMMERMAN's opinion.