2007 UT App 239

**STATE of Utah, in the interest of W.H.V., a person under eighteen years of age.**

**State of Utah, Plaintiff and Appellee,**

**v.**

**W.H.V., Defendant and Appellant.**

**No. 20050942–CA.**

Court of Appeals of Utah.

July 6, 2007.

---

Patrick L. Anderson and Debra M. Nelson, Salt Lake City, for Appellant.

Mark L. Shurtleff, atty. gen., and Karen A. Klucznik, asst. atty. gen., Salt Lake City, for Appellee.

Before Judges BILLINGS, ORME, and THORNE.

## OPINION

BILLINGS, Judge:

¶ 1 Defendant W.H.V. appeals the juvenile court's bindover order requiring him to stand trial as an adult under the Serious Youth Offender Act (the SYOA), *see* Utah Code Ann. § 78–3a–602 (Supp.2006), on the offense of aggravated robbery. Specifically, Defendant argues that the juvenile court erred in concluding that Defendant did not meet the third retention factor of the SYOA. We affirm.

## BACKGROUND

¶ 2 Around 3:00 a.m. on July 5, 2005, Defendant, who was seventeen years old at the time, and two other juveniles entered a Maverick convenience store. Upon their entry, the store clerk moved to the front of the store and stood by the front entrance as the juveniles roamed around the store. After a few minutes, the juveniles gathered at the head of an aisle. The store clerk continued to remain at the front entrance. After their gathering, the juveniles moved to the store's front entrance and engaged in a brief conversation with the store clerk. The surveillance video from the store showed that shortly after the juveniles' conversation with the store clerk, Defendant walked back toward the aisles and stood near the head of the aisle while one of the juveniles struck the store clerk in the face. The store clerk fell to the floor and was rendered unconscious. The juvenile who hit the store clerk then ran to the back of the store, pushing Defendant out of his way. Defendant followed him to the area in the store where the beer was located. The video shows Defendant grabbing several cases of beer and running out of the store, passing the store clerk, who was still lying on the floor. The State initially filed a charge of aggravated robbery in juvenile court. However, pursuant to the SYOA, the juvenile court bound Defendant over for trial as an adult in the district court. Defendant now appeals.

## ISSUE AND STANDARDS OF REVIEW

¶ 3 Defendant challenges the juvenile court's bindover order. Specifically, Defendant argues that the juvenile court should retain his case because he satisfied all three of the SYOA's retention factors—notably the third retention factor—as his role in the crime was not committed in "a violent, aggressive, or premeditated manner." Utah Code Ann. § 78–3a–602(3)(b)(iii). "The interpretation of a statute presents a question

of law that we review for correctness, and any underlying factual findings made by the juvenile judge in applying the statute are reviewed for clear error.'" *In re M.E.P.*, 2005 UT App 227, ¶ 8, 114 P.3d 596 (quoting *State v. Lara*, 2003 UT App 318, ¶ 9, 79 P.3d 951, *aff'd*, 2005 UT 70, 124 P.3d 243).

## ANALYSIS

■ ¶ 4 The SYOA requires the State to initially prosecute in juvenile court any minor who is sixteen years of age or older and charged with at least one of nine enumerated offenses, including aggravated robbery. *See* Utah Code Ann. § 78–3a–602(1)(a). The State must then establish "probable cause to believe [1] that one of the [enumerated offenses] has been committed and [2] that the defendant committed it." *Id.* § 78–3a–602(3)(a). Once the juvenile court finds probable cause, the SYOA requires the juvenile court to bind the juvenile defendant over to district court for trial as an adult. *See id.* § 78–3a–602(3)(b). In cases where the juvenile is at least sixteen years of age and has committed "inherently violent and aggressive offenses," there is a strong presumption of bindover to the district court. *In re A.B.*, 936 P.2d 1091, 1099 (Utah Ct.App.1997). However, a defendant will not be bound over for trial as an adult if *the defendant* proves, by clear and convincing evidence, that each of the following three conditions are satisfied:

(i) the minor has not been previously adjudicated delinquent for an offense involving the use of a dangerous weapon which would be a felony if committed by an adult;

(ii) that if the offense was committed with one or more other persons, the minor appears to have a lesser degree of culpability than the codefendants; and

(iii) that the minor's role in the offense was not committed in a violent, aggressive, or premeditated manner.

Utah Code Ann. § 78–3a–602(3)(b). This is a heavy burden for the defendant.

¶ 5 Here, the juvenile court found probable cause to believe (1) that the offense of aggravated robbery was committed and (2) that Defendant committed it. *See id.* § 78–3a–602(3)(a). The juvenile court further found that Defendant satisfied, by clear and convincing evidence, conditions one and two of the retention factors. *See id.* § 78–3a–602(3)(b), (d). However, the juvenile court determined that Defendant failed to establish the third retention factor. The juvenile court found that Defendant failed to prove, by clear and convincing evidence, that his actions were not "violent, aggressive, or premeditated." *Id.* § 78–3a–602(3)(b)(iii). We agree.

¶ 6 In *State v. Lara*, 2003 UT App 318, 79 P.3d 951, *aff'd*, 2005 UT 70, 124 P.3d 243, we held that in analyzing a juvenile's participation in a crime under the SYOA, a juvenile court must "focus on the juvenile's behavior [in] comparison with the behavior of the other [codefendants]," instead of on "the nature of the criminal offense itself." *Id.* at ¶ 28. This is because if a defendant was equally "as culpable as the others involved in the crime," then "no juvenile could ever meet the retention factors because [under the SYOA] violent crimes will always be in issue." *Id.* In the case before us, the juvenile court determined that Defendant's individual role was not violent or aggressive. However, the juvenile court determined that Defendant had not rebutted the reasonable inference that he had prior knowledge of his codefendants' violent plan, which caused serious bodily injury to the store clerk. Thus, Defendant's ability to satisfy the third retention factor of the SYOA rests upon his proving, by clear and convincing evidence, that the striking of the store clerk was not premeditated.

■ ¶ 7 The SYOA does not define premeditation. Defendant cites several definitions of premeditation in his brief, basically defining premeditation as consideration or thought prior to the act. The State takes no issue with Defendant's definitions. Essentially, "the time required for premeditation is a question of fact." *State v. Gee*, 28 Utah 2d 96, 498 P.2d 662, 664 (1972). The time necessary for premeditation "need only be long enough for some reflection and consideration" of the act, no matter how brief it is. *Id.* Furthermore, elements of premeditation may be inferred from facts that will provide

"a reasonable foundation for such an inference." *Id.*

¶ 8 Relying on *Lara*, Defendant asserts that his participation in the aggravated robbery was simply incidental. *See* 2003 UT App. 318 at ¶ 32, 79 P.3d 951. In *Lara*, the defendant remained in the backseat of the car while his friends initiated the armed robbery of a car. *See id.* at ¶ 26. The defendant's role in the robbery was limited to his driving the victim's vehicle away after the victim was no longer in the vehicle. *See id.* The defendant only drove the vehicle because he was the only person in the car who could drive a standard transmission. *See id.* at ¶ 33.

¶ 9 Defendant cites this court's decision in *Lara* and defines premeditation as something more than a reaction to an unanticipated event. Defendant claims that, similar to the situation in *Lara*, his involvement in the aggravated robbery was incidental-a reaction to an unplanned event. We disagree. In *Lara*, the defendant was not present or part of the plan to steal the truck. The defendant did not become involved in the robbery until the defendant's friends learned that the victim's car was a standard transmission and the defendant was the only one who could drive such a vehicle. *See id.* Thus, the defendant's involvement in the crime was incidental. *See id.* at ¶ 32.

¶ 10 We conclude that Defendant's action in this case was more than a mere reaction to an unanticipated event. Defendant entered the store with the other codefendants; conferred with the codefendants in the store after the store clerk blocked the front door; and grabbed cases of beer and ran out of the store immediately after a codefendant hit the store clerk. Given this evidence, there is a reasonable inference that Defendant was part of the violent plan. Absent direct evidence that Defendant was not part of the premeditated plan culminating in the store clerk's attack, we conclude that Defendant failed to satisfy, by clear and convincing evidence, that his involvement in the aggravated robbery was not premeditated. We therefore affirm the juvenile court's determination that Defendant did not satisfy the SYOA's third retention factor.

## CONCLUSION

¶ 11 We conclude that Defendant did not meet the third retention factor of the SYOA. Although Defendant's actions were not violent or aggressive, he failed to prove, by clear and convincing evidence, that he was not part of the premeditated plan to attack the store clerk. Therefore, we affirm the juvenile court's order to bind Defendant over to the district court for trial as an adult.

¶ 12 WE CONCUR: GREGORY K. ORME, Judge and WILLIAM A. THORNE JR., Judge.