United States Supreme Court precedent protects an unwed father's opportunity to assume a responsible role in the life of his child, and yet; in this case, the father's parental rights were terminated before the father had much of an opportunity to do so. But the fact that a father has had little time to develop this relationship does not conclusively preclude a relationship from arising. *Lehr* only requires that the putative father take "some measure of responsibility for the child's future," which can be accomplished even over a short duration of time. *See Lehr*, 463 U.S. at 262, 103 S.Ct. 2985.

2010 UT 41

**STATE of Utah, in the interest of I.R.C., a person under eighteen years of age.**

State of Utah, Appellee,

v.

I.R.C., Appellant.

No. 20080665.

Supreme Court of Utah.

May 14, 2010.

Mark L. Shurtleff, Att'y Gen., Karen A. Klucznik, Asst. Att'y Gen., Salt Lake City, for appellee.

Joan C. Watt, Patrick W. Corum, Deborah Katz Levi, Salt Lake City, for appellant.

DURRANT, Associate Chief Justice:

## INTRODUCTION

¶ 1 Seventeen-year-old I.R.C. was charged with aggravated robbery for providing transportation to a co-worker who planned on robbing a Salt Lake City restaurant. Pursuant to the State's Serious Youth Offender Act (SYOA), the juvenile court bound over I.R.C. to be prosecuted as an adult, finding sufficient probable cause to believe that I.R.C. committed an aggravated robbery. The juvenile court also found that I.R.C. failed to prove his case should be retained by the juvenile court. I.R.C. challenges both decisions.

¶ 2 As to I.R.C.'s arguments regarding probable cause, the question before us is whether, given the facts presented at I.R.C.'s preliminary hearing, it is unreasonable to infer that I.R.C. knew his accomplice planned to use a dangerous weapon in the robbery. Under the SYOA, juveniles charged with aggravated robbery may be bound over for trial as an adult, while juveniles charged with robbery may not. The use of a weapon is a predicate to elevating the charge against I.R.C. from robbery to aggravated robbery.

¶ 3 In determining whether there exists probable cause to believe that a juvenile has committed an offense enumerated in the SYOA, a juvenile court may draw upon the reasonable inferences from the facts presented at a preliminary hearing. And in doing so, the juvenile court is required to resolve all reasonable inferences in favor of the prosecution. Thus, unless it is unreasonable to infer that I.R.C. knew of the plan to use a weapon in the course of this robbery, the bindover for aggravated robbery was appropriate. We conclude that the reasonable inferences that may be drawn from the facts in this case give rise to probable cause to believe that I.R.C. was an accomplice to the offense of aggravated robbery.

¶ 4 Alternatively, I.R.C. contends that the juvenile court erred in finding that he failed to prove one of the retention factors that would have led to his case being retained by

the juvenile court. Under the SYOA, I.R.C.'s case would have been retained if he proved, among other things, that his role in the crime was not premeditated. The juvenile court found he failed to carry his burden of proof on this issue. We conclude that the juvenile court did not err in so finding because the evidence presented regarding premeditation showed that I.R.C. had sufficient time to reflect and consider his participation in the crime. Accordingly, we affirm the decision of the juvenile court.

## BACKGROUND

¶ 5 It is undisputed that I.R.C. drove a co-worker, Javier Rodriguez,[1] to a Salt Lake City restaurant where Mr. Rodriguez intended to commit a robbery. Mr. Rodriguez targeted this particular restaurant because an accomplice, Dale Lopez, was employed by the restaurant and promised to leave an unusually large amount of money in the register to be stolen by Mr. Rodriguez. Mr. Rodriguez entered the restaurant with his head covered and demanded the store manager turn over the money contained in the cash register. Throughout the robbery, Mr. Rodriguez kept his hand on an air soft gun that was partially concealed within a pocket. There is no dispute that this weapon looks like a genuine handgun except for its orange tip. The manager told Mr. Rodriguez to take the money. While there was approximately $400 more than usual in the cash register, Mr. Rodriguez was unable to open the register and left with a blue bag that contained approximately $100 in cash. I.R.C. remained in his vehicle during the robbery and drove Mr. Rodriguez from the restaurant.

¶ 6 An eyewitness to the robbery reported to police that the robbery suspect fled in a black Pontiac Sunfire. Shortly after the robbery, two Salt Lake City police officers spotted the suspect vehicle. As they approached I.R.C.'s car, Mr. Rodriguez fled from the passenger side of the vehicle, leaving the weapon behind. While one officer pursued Mr. Rodriguez, the other officer ordered I.R.C. out of the vehicle. I.R.C. initially accelerated toward this officer, but stopped the car after a number of other police cruisers arrived. Before I.R.C. exited the car, the officer observed I.R.C. bend over and reach beneath his seat. During a search of the vehicle, police found the weapon under I.R.C.'s seat.

¶ 7 Prosecutors charged I.R.C. with aggravated robbery, a first degree felony, in juvenile court.[2] The court held a preliminary hearing to determine if, pursuant to the SYOA, I.R.C. should be bound over for trial as an adult in the district court. At the hearing, the State presented the testimony of Salt Lake City Police Detective Jason Knight, who interviewed I.R.C. the night of his arrest. Detective Knight testified that Mr. Lopez and Mr. Rodriguez had planned the robbery. I.R.C. had only known Mr. Rodriguez for one week when Mr. Rodriguez asked him for a ride to the restaurant. It was during the ride, or possibly earlier in the evening, that Mr. Rodriguez told I.R.C. that he intended to rob the restaurant. Mr. Rodriguez also told I.R.C. that the robbery would be "easy" because there was an inside person, i.e., Mr. Lopez. According to Mr. Rodriguez, Mr. Lopez intended to leave a large sum of money in the cash register and I.R.C. would receive a portion of the stolen money for driving Mr. Rodriguez to and from the restaurant.

¶ 8 I.R.C. conceded that the State had presented sufficient evidence to support probable cause on a charge of simple robbery against him. He argued, however, that the State failed to establish the aggravating factor—that he knew and intended that a dangerous weapon would be used in the commission of the robbery—necessary to elevate the offense to aggravated robbery. The prosecution responded by arguing that, for purposes

---

1. We identify Mr. Rodriguez by his name because, unlike I.R.C., he was an adult at the time of the robbery.

2. I.R.C. was also charged with one count of failing to respond to an officer's signal to stop, a third degree felony, and one count of interference with a peace officer making an arrest, a class B misdemeanor. The juvenile court dismissed the misdemeanor charge, and the third degree felony charge is not relevant to this appeal and will not be discussed.

of the preliminary hearing, the juvenile court could infer I.R.C.'s knowledge of the weapon from the other facts presented at the hearing. Specifically, the prosecution argued that it was reasonable to infer that I.R.C. knew of the weapon because: it is "inherent" in the commission of a robbery that a weapon be used, I.R.C. knew of the robbery, I.R.C. was in the car with Mr. Rodriguez and the weapon, I.R.C. drove Mr. Rodriguez to the restaurant, and I.R.C. attempted to conceal the weapon after the stop by police.

¶ 9 The juvenile court agreed with the prosecution, acknowledging that I.R.C.'s knowledge of the gun was the "key element," but that the standard for probable cause at a preliminary hearing is very low, and all inferences must be made in favor of the prosecution. After entering its conclusion on probable cause, the juvenile court then held a retention hearing as required by the SYOA. Under the SYOA, following the court's probable cause finding, a juvenile is given the opportunity to prove three factors that require the juvenile court to retain the case. The prosecution stipulated to the first factor—that I.R.C. had no prior offenses involving a weapon. The defense argued that I.R.C. met the second and third factors—that I.R.C. was less culpable than his co-defendants and that his role was not violent, aggressive, or premeditated—on the basis that his participation was limited to driving the car, he did not help plan the robbery, and there had been no evidence that he knew about the gun beforehand.

¶ 10 The prosecution countered I.R.C.'s claims with new testimony from Detective Knight. Detective Knight testified that during an interview with I.R.C., the teen admitted that Mr. Rodriguez told him he intended to use the weapon in the robbery while the pair drove to the restaurant.[3] On cross-examination, Detective Knight reaffirmed his earlier testimony that I.R.C. did not participate in planning the robbery and that he only learned about it sometime that night. The juvenile court found that, although I.R.C. met his burden of proof as to the first two factors, he failed to meet his burden as to the third factor, that his role was not violent, aggressive, or premeditated. The court noted that, but for Detective Knight's additional testimony establishing that I.R.C. knew of the gun beforehand, I.R.C. would have met his burden as to the third factor.

¶ 11 I.R.C. timely appealed his bindover to the court of appeals, which certified his case to this court. The court of appeals has jurisdiction over appeals from juvenile courts,[4] but may certify those cases, in its discretion, to this court.[5] We have jurisdiction over cases certified from the court of appeals.[6]

## STANDARD OF REVIEW

■ ¶ 12 A juvenile court's decision to bind over a criminal defendant for trial presents a mixed question of law and fact and requires the application of the appropriate bindover standard to the underlying factual findings.[7] As a result, "in reviewing a ... bindover decision, an appellate court should afford the decision limited deference."[8]

## ANALYSIS

¶ 13 The SYOA permits sixteen- and seventeen-year-old minors charged with any of nine enumerated felonies to be removed from juvenile court and bound over for trial as an adult in the district court.[9] Under the

---

3. We emphasize that Detective Knight's statement on I.R.C.'s knowledge of the dangerous weapon came during the retention hearing and not the preliminary hearing. By this time, the juvenile court had already reached its probable cause finding. In our review of probable cause, we are limited to the evidence that was before the juvenile court when it decided probable cause.

4. Utah Code Ann. § 78A–4–103(2)(c) (Supp. 2009).

5. *Id.* § 78A–4–103(3).

6. *Id.* § 78A–3–102(3)(b).

7. *See State v. Virgin,* 2006 UT 29, ¶ 27, 137 P.3d 787.

8. *Id.* ¶ 26.

9. *See* Utah Code Ann. § 78A–6–702(1)(a), –702(3)(b) (2008). Section 78A–6–702 formerly appeared as section 78–3a–602, but was renumbered, effective February 7, 2008. Although I.R.C.'s arrest occurred just prior to the renumbering, the legislature made no substantive changes to the statute, so we refer to the most current version.

SYOA, bindover to the district court is appropriate only after the juvenile court reaches two findings: (1) the State establishes sufficient "probable cause to believe that one of the [listed felonies] has been committed and that the defendant committed it," [10] and (2) the defendant failed to prove by clear and convincing evidence the existence of the three retention factors.[11] If the defendant succeeds in establishing all three retention factors, or the State fails to establish probable cause, the case is retained by the juvenile court.[12]

¶ 14 I.R.C. challenges his bindover with respect to both the juvenile court's finding of probable cause based on the State's evidence and the juvenile court's determination that he failed to establish the third retention factor. We conclude that the reasonable inferences that may be drawn from the evidence presented by the State at I.R.C.'s preliminary hearing are sufficient to support the juvenile court's finding that there is probable cause that I.R.C. knew a dangerous weapon would be used to commit the robbery. Accordingly, we conclude that the juvenile court did not err in binding over I.R.C. for trial as an adult. We also find that the district court did not err in finding that I.R.C. failed to establish the third retention factor. Therefore, we affirm the juvenile court's decision.

## I. THE JUVENILE COURT DID NOT ERR IN CONCLUDING THAT THE STATE ESTABLISHED PROBABLE CAUSE THAT I.R.C. COMMITTED AGGRAVATED ROBBERY

■■■ ¶ 15 To bind a juvenile defendant over for trial in the district court under the SYOA, the State has "the burden of proof to establish probable cause to believe that one of the [listed felonies] has been committed and that the defendant committed it." [13] Aggravated robbery is one of the SYOA's nine enumerated crimes; robbery is not.[14] The probable cause standard requires the prosecution to " 'present sufficient evidence to support a reasonable belief' " that the defendant committed the crime.[15] This determination hinges on "probabilities and 'certain common-sense conclusions about human behavior.' " [16]

■■■ ¶ 16 Importantly, the evidence sufficient for probable cause is less than that necessary to find guilt beyond a reasonable doubt.[17] This is due to the fact that in a preliminary hearing the court is not issuing a final decision on the merits of the case. Rather, the court's purpose is "to ferret out groundless and improvident prosecutions." [18] At this stage, the juvenile court must " 'view the evidence in a light most favorable to the prosecution[,] resolv[ing] all inferences in favor of the prosecution.' " [19] The court should bind the defendant over for trial as an adult " 'unless the evidence is wholly lacking and incapable of reasonable inference to prove some issue which supports the [prosecution's] claim.' " [20]

¶ 17 The prosecution must establish probable cause for each element of the charged crime.[21] Here, I.R.C. was charged with aggravated robbery. Under Utah law,

(1) A person commits robbery if:

---

10. *Id.* § 78A–6–702(3)(a).

11. *Id.* § 78A–6–702(3)(b)–(d).

12. *Id.* § 78A–6–702(3)(d), –702(4).

13. *Id.* § 78A–6–702(3)(a).

14. *See id.* § 78A–6–702(1)(a).

15. *State v. Virgin,* 2006 UT 29, ¶ 20, 137 P.3d 787 (quoting *State v. Clark,* 2001 UT 9, ¶ 16, 20 P.3d 300).

16. *State v. Tripp,* 2010 UT 9, ¶ 48, 227 P.3d 1251 (quoting *Illinois v. Gates,* 462 U.S. 213, 231, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)).

17. *Virgin,* 2006 UT 29, ¶ 20, 137 P.3d 787.

18. *Id.* (internal quotation marks omitted).

19. *Id.* ¶ 24 (alterations in original) (quoting *State v. Talbot,* 972 P.2d 435, 438 (Utah 1998)).

20. *Talbot,* 972 P.2d at 438 (alteration in original) (quoting *State v. Pledger,* 896 P.2d 1226, 1229 (Utah 1995)).

21. *See Virgin,* 2006 UT 29, ¶ 20, 137 P.3d 787.

(a) the person unlawfully and intentionally takes or attempts to take personal property in the possession of another from his person, or immediate presence, against his will, by means of force or fear . . . ; or

(b) the person intentionally or knowingly uses force or fear of immediate force against another in the course of committing a theft or wrongful appropriation.[22]

A robbery is elevated to aggravated robbery when "in the course of committing robbery," the person "uses or threatens to use a dangerous weapon."[23] For purposes of the charge of aggravated robbery, a "dangerous weapon" includes "a facsimile or representation" of "any item capable of causing death or serious bodily injury" if the facsimile is used in such a way that it "leads the victim to reasonably believe [it] is likely to cause death or serious bodily injury."[24]

¶ 18 The State's evidence tended to prove that Mr. Rodriguez used an air soft gun in the robbery. An air soft gun is a "facsimile or representation" under the aggravated robbery statute, and Mr. Rodriguez clearly showed that he was in control of the gun. Therefore, the weapon qualifies as a dangerous weapon under the statute.

¶ 19 Because I.R.C. was only the vehicle driver and neither used the weapon nor interacted with the victim, the State charged I.R.C. under a theory of accomplice liability. Under the Utah Code, "[e]very person, acting with the mental state required for the commission of an offense who . . . intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable as a party for such conduct."[25] Thus, the burden to establish probable cause required the State to present evidence that could lead the juvenile court to a reasonable belief that I.R.C. intentionally aided Mr. Rodriguez and Mr. Lopez with the commission of a robbery during which Mr. Rodriguez used or threatened to use a dangerous weapon.

¶ 20 The parties agree that the State did not present any direct evidence on I.R.C.'s subjective knowledge of Mr. Rodriguez's possession of the weapon during the probable cause phase of the hearing. That leaves the juvenile court's probable cause finding supported entirely by the inferences that may be reasonably drawn from the other facts presented at the preliminary hearing by the State. Those facts included that: I.R.C. knew a robbery would occur; I.R.C. was in close proximity to Mr. Rodriguez when I.R.C. was asked to participate in the robbery and while I.R.C. drove Mr. Rodriguez to and from the scene of the crime; Mr. Rodriguez was in possession of the weapon while he and I.R.C. were in close proximity; and when police stopped the car after the robbery, I.R.C. hid the weapon under his seat. We turn now to analyze these facts and the reasonable inferences that may be drawn from them.

¶ 21 First, the State argues that it was reasonable for the juvenile court to infer I.R.C. knew about the weapon because he knew Mr. Rodriguez planned to rob the restaurant. To this end, the State presented evidence that I.R.C. knew Mr. Rodriguez intended to rob the restaurant. Second, the State suggests that I.R.C. knew a dangerous weapon would be used in the robbery because Mr. Rodriguez possessed the weapon while en route to the restaurant and Mr. Rodriguez exited the vehicle with it in his pocket. Finally, the State suggests that the juvenile court could reasonably infer that I.R.C. knew of a dangerous weapon because he attempted to hide the weapon left in the car when Mr. Rodriguez fled from the vehicle.

¶ 22 Viewed in a light most favorable to the State, as we must at this stage, these facts are sufficient to establish the probable cause necessary to support the juvenile court's decision to bind I.R.C. over for trial as an adult. If, at trial, the State were to present only the evidence on which it relied to support the finding of probable cause, the State would certainly face substantial difficulty in persuading the jury beyond a reason-

---

22. Utah Code Ann. § 76–6–301(1)(a)–(b) (2008).

23. *Id.* § 76–6–302(1)(a).

24. *Id.* § 76–1–601(5)(a)–(b).

25. *Id.* § 76–2–202.

able doubt that I.R.C. committed the alleged offense. But the standard for determining probable cause is very different from the standard for determining guilt. When deciding whether the State has met its burden to establish probable cause, all inferences arising from the proffered evidence must be resolved in favor of the prosecution.[26] And the defendant must be bound over unless the evidence, examining the totality of the circumstances, " 'is wholly lacking and incapable of reasonable inference to prove some issue which supports the [prosecution's] claim.' "[27] This burden is purposefully lower than the burden for proving guilt because this evidence need only be " 'sufficient to warrant submission of the case to the trier of fact.' "[28]

¶ 23 Given this posture, the evidence presented to the juvenile court is sufficient to support a finding of probable cause. The evidence indicated that I.R.C. was asked to drive Mr. Rodriguez to a restaurant for the sole purpose of robbing the restaurant. I.R.C. agreed. He knowingly undertook the endeavor, driving Mr. Rodriguez both to and from the scene of the crime. During their trip, the two sat in close proximity to one another in I.R.C.'s car. All the while, Mr. Rodriguez had in his possession a replica of a firearm. After the completion of the offense, when the police had stopped I.R.C.'s vehicle, Mr. Rodriguez fled from the car, leaving the weapon behind. As the police approached the car, I.R.C. hid the weapon under his own seat.

¶ 24 It is possible that throughout the course of his participation in the robbery, I.R.C. was ignorant of the fact that a weapon would be used. But it is also quite reasonable to infer that I.R.C. was aware that a weapon would be used. And to bind over a juvenile defendant for trial as an adult, the State need not disprove every possibility that tends to negate probable cause. Rather, the State has the burden of presenting evidence that, considering the totality of the circumstances and taken together with reasonable inferences resolved in the State's favor, supports a reasonable belief that the defendant committed the crime charged.

¶ 25 That burden has been satisfied in this case. While it is possible that I.R.C. was ignorant of the weapon, the juvenile court concluded that it was not unreasonable to believe that I.R.C. acted with the understanding that a weapon would be used. Resolving all of the relevant inferences in favor of the State, it is not unreasonable to believe that I.R.C. understood the manner in which the robbery would be committed. Such a conclusion is certainly not "wholly lacking" in evidentiary support. Thus, the juvenile court did not err in binding I.R.C. over for trial as an adult under the SYOA.

## II. THE JUVENILE COURT DID NOT ERR IN FINDING THAT I.R.C. FAILED TO CARRY HIS BURDEN OF ESTABLISHING THE STATUTORY RETENTION FACTORS

■ ¶ 26 The juvenile court correctly declined to retain I.R.C. in juvenile court because I.R.C. did not establish all of the statutory retention factors by clear and convincing evidence. Under the SYOA, even where there exists probable cause to believe that a juvenile has committed an enumerated offense, that juvenile may prevent being bound over for trial as an adult by establishing three retention factors.[29] These factors are as follows: (1) the juvenile must not have been "previously adjudicated delinquent for an offense involving the use of a dangerous weapon which would be a felony if committed by an adult"; (2) the juvenile must have "a lesser degree of culpability" than any co-defendants involved in the commission of the crime; and (3) the juvenile's role in the offense must not have been "committed in a violent, aggressive, or premeditated man-

---

26. *Talbot,* 972 P.2d at 437–38.

27. *Id.* at 433 (alteration in original) (quoting *Pledger,* 896 P.2d at 1229); *see also Tripp,* 2010 UT 9, ¶ 48, 227 P.3d 1251 ("Probable cause is evaluated under the totality of the circumstances....").

28. *Talbot,* 972 P.2d at 437 (quoting *Pledger,* 896 P.2d at 1229).

29. Utah Code Ann. § 78A-6-702(3)(b) (2008).

ner."[30] The juvenile must establish each factor by "clear and convincing evidence."[31] At issue in this case is the premeditation element of the third factor.[32] The juvenile court concluded that I.R.C. failed to meet his burden of establishing that his role in the robbery was not premeditated.

 ¶ 27 No set period of time need be established to show premeditation.

Essentially, "the time required for premeditation is a question of fact." The time necessary for premeditation "need only be long enough for some reflection and consideration" of the act, no matter how brief it is. Furthermore, elements of premeditation may be inferred from facts that will provide "a reasonable foundation for such an inference."[33]

I.R.C., therefore, bore the burden of showing that he undertook his actions without the time necessary for "some reflection and consideration."

¶ 28 The juvenile court did not err in concluding that I.R.C. failed to carry this burden. The State presented evidence that I.R.C. learned of the planned robbery sometime during the drive to the restaurant. Although he did not participate in planning the crime, he did have a sufficient amount of time, albeit brief, to consider his participation. Thus, I.R.C. focuses his argument on the fact that he had insufficient time to premeditate the use of a dangerous weapon.

¶ 29 To support the fact that I.R.C. premeditated the use of a dangerous weapon, the State presented the following testimony of Detective Knight:

Q: Officer, ... when you interviewed [I.R.C.] was there any discussion as to his foreknowledge of the impending robbery?

A: Yes. When he was going there—now he stated that he only knew about the robbery that night when they were going there ... he knew [Rodriguez]

had a gun, he knew it was an air soft gun with the orange tip. [Rodriguez] was going to go in and just show the gun, however, don't pull it all the way out so they just knew that he had a gun and that was how the robbery was going to go down.

I.R.C. provided no evidence to contradict this testimony. I.R.C. did object to this testimony on the ground that it was inconsistent with Detective Knight's earlier testimony at the probable cause hearing because at that earlier hearing he made no mention of I.R.C.'s knowledge of a weapon.

¶ 30 Although this contention may have cast doubt on the validity of the officer's testimony, it did not relieve I.R.C. of his burden to prove that his actions were not premeditated. Without more, I.R.C. failed to present the clear and convincing evidence necessary to establish the third retention factor. Accordingly, the juvenile court did not err in determining that I.R.C. failed to establish each of the factors necessary for the case to be retained.

## CONCLUSION

¶ 31 We hold that the juvenile court did not err in finding that the State established probable cause to believe that I.R.C. had committed aggravated robbery. Viewed in the light most favorable to the prosecution, the evidence presented at the probable cause hearing, along with the reasonable inferences arising from that evidence, was sufficient to support the juvenile court's determination. We also hold that the juvenile court did not err in finding that the evidence presented by I.R.C. during the retention phase of the hearing was insufficient to disprove that his acts were premeditated. Therefore, we affirm the juvenile court's decision to bind I.R.C. over for trial as an adult.

---

30. *Id.* § 78A–6–702(3)(b)(i)–(iii).

31. *Id.* § 78A–6–702(3)(d).

32. The State stipulated to the first factor, and the juvenile court found that I.R.C. sufficiently proved the second factor.

33. *State ex rel. W.H.V.*, 2007 UT App 239, ¶ 7, 164 P.3d 1279 (quoting *State v. Gee*, 28 Utah 2d 96, 498 P.2d 662, 664 (1972)).

¶ 32 Justice WILKINS and Justice NEHRING concur in Associate Chief Justice DURRANT's opinion.

DURHAM, Chief Justice, dissenting:

¶ 33 I respectfully dissent. As the majority opinion notes, the State bears the burden of putting on evidence of all the elements of an offense necessary for bindover on criminal charges. Here the State's evidence of the defendant's knowledge that a gun would be used in a robbery was: (1) he knew a robbery was to take place; (2) it would be "easy" because there was an insider involved; (3) he sat in close proximity to Mr. Rodriguez when Mr. Rodriguez possessed a facsimile of a weapon; and (4) after the event and a subsequent police stop, he apparently hid the gun under a car seat. The sole question for us is whether these facts give rise to a "reasonable inference" that he knew of the planned use of a weapon.

¶ 34 I cannot accept the State's argument that knowledge of a planned "robbery" permits an automatic inference of the use of a dangerous weapon. Particularly in the context of an "easy" inside job, the offense of robbery only requires force or threat of force, not a weapon. Further, the defendant's short acquaintance with the perpetrator and his short notice even of the planned offense give rise to no inferences that the presence of a weapon was known to him; handguns are small and easy to conceal. Finally, I am unpersuaded that the defendant's attempt to hide the weapon left in the car by the fleeing perpetrator after the offense can give rise to any legitimate inference regarding his knowledge before the offense. I would hold that the State failed to produce sufficient evidence for the court to bind over the defendant on the charge of aggravated robbery.

¶ 35 Justice PARRISH concurs in Chief Justice DURHAM's dissenting opinion.